Next case, the United States v. Elder Ms. Christensen May it please the Court, Counsel Good afternoon, Your Honors. My name is Joanna Christensen, and I represent the appellant Matthew Elder. This Court should find that the categorical approach applies in this case. And Mr. Elder's prior conviction under Arizona law is not a predicate felony drug offense because it is an overbroad, indivisible statute. Of course, the government argues that a different approach applies, the circumstance-based approach. And first, we argue that he has waived that argument by not raising it in the district court. But aside from that, we note that other circuit courts have used the categorical approach in certain circumstances, although the case law is a bit murky on this area, and some courts find that, as this court did, under either approach, the result would be the same. So most recently, this court, Brock Miller, decided that either way, under circumstances or the categorical approach, the defendant prevailed. But in footnote 6 in Brock Miller, did a detailed categorical analysis, essentially saying that the statute was indivisible, was overbroad and indivisible, because it included drugs that were not included in the federal statute. Could we stop there just for a minute? Sure. I'm having difficulty with this statute. As I read the statute, it simply says that, you know, a drug felony is anything under either federal, state, or foreign law. It's punishable by a year. Why can't the state law be broader than the federal law? Well, these... I mean, you're going to certainly have foreign countries that are going to have different lists and different punishments. Didn't Congress mean to just say, look, if you've committed a crime that's punishable by a year, under any of the laws of any of these, that's it? I think that could be an interpretation of the law's success, that it's very broad, and that's certainly the argument the government has. But in Mullooly v. Lynch, the Supreme Court rejected the government's argument that this is so broad as to include all drug offenses, essentially, and found that the categorical approach is appropriate, because you're talking about whether someone was convicted of an offense, not whether they committed the offense. Yeah. So then, with that, we go into the categorical approach framework, which then necessarily gets us to whether it's identical or overbroad. And in this case, and the Ninth Circuit and the Fifth Circuit have been kind of on the forefront of this overbreadth of drug statutes, there are two substances that are not covered in federal law that are covered under the Arizona statute. And that would make it overbroad under the Ocampo case in the Ninth Circuit, and certainly considering the Medina-Lara case in the Ninth Circuit, some of the Fifth Circuit cases, Vasquez is the most recent one, Vasquez v. Sessions. To use the categorical approach, that's how we get to this overbreadth question. If the court goes against our argument and finds the circumstances a specific approach applies, then I think, Judge Ripple, your point is a good one, and this may be a moot point as far as the overbreadth of the drug types, but there is a good reason to use the categorical approach. What is that good reason? The good reason is... Because I think, you see, what we've got is this plain language problem. Read that plain language, that's what it says. I think we do have a plain language problem until you look at the just simple mass amounts of convictions that it would bring in that the Supreme Court has said that that's not appropriate, that's too far, a step too far. And that's in where? The Mullooly v. Lynch case that the government's interpretation worked to reach state crimes in which no controlled substances were an element. So certainly the Supreme Court is looking to limit this in some way. They could have said everything that involves drugs applies and we're done here. Granted, it was a different statute, but it has similar language to it. Now, as far as the categorical approach applying, we're arguing that it does so because the 841 through 851 talks about being convicted of an offense. And Moncrief and Nidjahawan talks about how when the statute talks about being convicted, then you use the categorical approach. In addition, it's not an individualized determination. It is based on whether this predicate conviction applies or not. There's a mandatory sentence if it applies. Unlike some of the cases that the government cites, TORAS, the TORAS with a Z, which is about the Federal Death Penalty Act, that's not an automatic mandatory sentence. That just means someone is death eligible if the finding is made. And finally, the statute refers to a generic crime through Burgess. The Supreme Court said essentially that this is meant to be, this definition under 802.44 is meant to be a generic or all-encompassing crime or definition of a crime. And that generic crime leads to the categorical approach. And then, of course, as detailed in our brief, when we get to the categorical approach, it's a little bit easier of an analysis, although the categorical approach is never an easy analysis. It is broader than the federal statute as to what a drug offense or serious drug, dangerous drugs are. And again, the Ninth Circuit's kind of ahead of the group on this, finding that even one substance difference or one substance in addition renders the statute overbroad. And while that may seem like perhaps that would take care of all these convictions, get rid of all these convictions that should otherwise apply, it is a very limited circumstance, particularly in this case. The statute has been changed so people who are convicted of Mr. Elder's crime now or even after 2007 would no longer have this, quote, windfall. And that many states actually adopt the federal schedule. So Illinois is one of them. And Illinois adopts the federal schedule. So there is no overbreadth after a certain date in Illinois state crimes. Involving drugs. We get to the next step because it is overbroad, that it is not divisible because that's where the Mathis comes in, the Mathis argument comes in. That it's not divisible because dangerous drug is an element and all the dangerous drugs listed are means. I do wish to talk before I'm into my rebuttal time a little bit about harmless error. The District Court said when Mr. Elder indicated he wanted to appeal that, you know, your guideline range won't change, and that is certainly the case where the guideline range is not going to change. Mr. Elder got a below guideline sentence. That, of course, is down from the mandatory life sentence he received the first time around because one of his other convictions, he only has two, the other conviction fell out. This is the only one that's left. He got a sentence of 260 months. All the cases that are harmless error involve guideline error and where the judge said, well, I'd give you the same sentence regardless of the guideline range. This is a statutory range. Changes significantly the amount of time and the amount of discretion the judge is allowed to give. And we believe that the judge's qualification of guideline error indicates that he would consider if the statutory range changed. Unless the court has questions. Would you agree then that if we were to accept your argument, we would remand it for a Palladino type of decision by the judge? I'm not sure I would necessarily agree to that. I've been against Palladino remands since they happened the first time around. I argued against the Dean Palladino remands. I think that in both those situations, with Booker and then with Dean, was a discretionary call, not based on the changing of any range necessarily, but the changing of the way the judge would impose sentence. I believe this case is different in that the statutory range changed. That being said, I'm not going to look a gift remand in the mouth. If the court decides that Palladino is appropriate, then I certainly will go right along with that. Thank you, Ms. Christensen. Mr. Wright? May it please the court, Brian Wright for the United States. I would like to start by addressing Judge Ripple's question about the plain language. We would actually cite the court to footnote 9 of Malooly, which I think at least in verse addresses the situation here. So in Malooly, the definition was similar to here, except it ended with crimes under the Controlled Substance Act. And in footnote 9- That case cited in your brief? I don't think it's in ours. It's in Mr. Elder's reply brief. It's Malooly v. Lynch. Footnote 9 says those words that statute includes a CSA has to- This, frankly, is the problem I have with your case. You started in the middle in your brief. It's, I think, a very difficult brief to read. I'm sorry, Your Honor. But I think if you look at footnote 9 in Malooly, it addresses the reason why this statute, 80244, covers things that aren't necessarily in the CSA. Beyond that, we think that this is a case to affirm, at least on harmless error, Mr. Elder's statutory- Can we go back to this divisible, indivisible, categorical, that I think the judge here said only lawyers could appreciate, and I think that's probably right. You believe that the statute is divisible by looking at the entire statute, correct? Not just a subsection. So I think it's agreed that the subsections are divisible. I think it becomes a much different- Are divisible? Are divisible. So the subsections 1, 2, 3, 4, 5, 6, 7, you can definitely divide them out. Okay, I agree with that, too. But isn't it more appropriate to look at the subsection of the statute? I'm going to refer you to a case called Edwards. I think you guys talked about it, right? And in that case, Judge Sykes wrote the opinion that in a similar context, different statute, it was a burglary statute, and she looked at the subsection of the burglary statute and found that it was overbroad because the state burglary statute in that case included breaking into ships and cars and dwellings as well, and it was only dwellings that the guideline was concerned about. Here we have, I think, a very analogous situation where you have the drugs for Section 3 there, possession of the equipment to manufacture a dangerous drug, and the drugs include more than the controlled substances in the federal statute that would be required to have a prior felony conviction and trigger the 20-year mandatory minimum. In the Edwards case, this court found that these different places where the burglary could occur were means rather than elements because the jury is not instructed in a drug case to find a particular type of drug, so therefore it's not an element. I mean, we instruct juries all the time in the district court on drug cases. We specifically say you don't have to find a particular type of drug as long as you find that it's a controlled substance. So we agree that the first level, one level of divisibility isn't sufficient on this case, certainly it has to be divisible, or in that scenario, dividing between the subsections if we apply the district court categorical approach isn't enough. We also agree that the dangerous drugs certainly look like means, not elements. However, Arizona complicates it a little bit on that because it has the separate meth sentencing structure, and if the defendant is subject to a stricter sentence based on meth, under Mathis and Apprendi, it has to be an element. Okay, and you say that that difference in sentencing, depending on the type of drug, is now in the statute. Yes, and to be fair... Was it in the statute when this gentleman was convicted? It was in the general statute, but it was not in Mr. Elder's specific subsection A3. We agree with that, but moving back, we don't think that the categorical approach applies here. We think this is a reason that... But if we did apply it, do you agree with the defendant that we have to reverse? I think... No. Or at least remand for a Palladino. No, because I don't think Palladino is necessary. You can just find that this was harmless error based on the downward departure well below the guidelines. So our harmless error argument applies even if the court applies the categorical approach and finds the statute is indivisible and Mr. Elder's prior conviction doesn't count. Our harmless error argument still stands, and that's without Palladino. Now, if a Palladino remand would be better, in our opinion, than an outright reversal or an outright remand, but we think the court can find harmless error and not remand under Palladino. Wouldn't you want the district judge, the sentencing judge, to have that opportunity to at least say, well, now we're looking at a 10-year mandatory minimum instead of a 20-year? I don't think the judge... I wouldn't, I mean, as a district judge, I sure would. Honestly, I think our district judge are so overworked that they'd be happy just to... happy with a non-remand on this case. I agree with you on that. And also, we would ask the court to apply the same harmless error standard that it applies in all its cases, and I think if you apply that standard, as the court always applies it, this would be harmless, because there's no indication that the judge felt constrained by the 20-year mandatory minimum, and the sentencing hearing all was about the guidelines, and the judge specifically talked about the guidelines and how it was a below-guidelines sentence. Moreover, I think we can combine both sentencing hearings to show that it's harmless, because the judge was admittedly frustrated, if not outright annoyed with us at the mandatory license, so he was relieved upon the remand, as even said on the record. So I don't think there's any reason to believe he would have gone lower based on the mandatory minimum. The guidelines drove the sentence here. And again, we think the court should affirm on harmless error, and that gives the court a way to avoid what I think is a murky technical legal argument between categorical and circumstance-specific approach. And if there are no further questions, the government would ask for... Thank you, sir. Thank you. Ms. Christians. I think I heard you at the time. Oh, okay. Okay. You may have additional minutes to deal with this murky question. I'm not sure I can answer that even in two minutes, but I will address some of the government's arguments. The divisibility, I think we make it pretty clear in our brief, at least I hope I do, that we're talking about A3 specifically. All the other subsections of this statute really don't matter, because he wasn't convicted of those. Some of those are internally divisible. A1 is internally divisible. A7, I believe. And now, today, A3 is divisible, because they've changed the way it works. But in 1999, it's not. So... Let's see. I just read the Malooly footnote 9. I'm not sure it goes as far as the government's willing to let it go, but Malooly is instructive about the categorical versus circumstantial approach. Regarding harmless error, I don't think that the guidelines drove this judge's sentence. I mean, Mr. Elder's guidelines were 324 to whatever the top, 405 maybe. And he got 260 months. The judge was frustrated with the mandatory life sentence. This was a man who essentially had two very minor prior drug convictions. But then when it came back, I think he did a different determination on the sentence, not necessarily our Mathis issue. He adopted his prior findings. Did a very different determination, but had a floor of 240 months. If that floor drops to 120, the discretion is huge. And I know the Southern District of Indiana is overworked, but Mr. Elder is looking at more than 21 years in prison, and I think that a remand would be appropriate to correct this error. Unless the court has questions. Thank you. The court will take the case under advisement, and the court will stand in recess.